**Thomas D. DAWSON, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD33054.**

Missouri Court of Appeals,
Western District.

Aug. 24, 1982.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Oct. 5, 1982.

Application to Transfer Denied
Nov. 15, 1982.

Thomas McBride, Tarkio, for movant-appellant.

John Ashcroft, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P.J., and PRITCHARD and DIXON, JJ.

PER CURIAM:

Movant appeals the denial of his Rule 27.26 motion without evidentiary hearing. The issue is the correctness of the trial court procedure in denying the motion without hearing or notice after appointment of counsel.

The novel procedure adopted in the trial court requires that the matter be reversed

and remanded. Movant filed his motion *pro se,* and counsel was appointed. Thereafter, on motion of movant's counsel, the case was continued to a specific date. The trial judge's minutes show that well before the date set for hearing movant filed another application for continuance. The application does not appear in the legal file. The minutes do not reveal the disposition of the application, nor the proceedings on the date set for hearing. Some two and a half months after the date set for the hearing, the trial court "on its own motion" took up the matter, overruled the motion, and made findings of fact and conclusions of law. The record does not reflect that either the prosecuting attorney or movant's counsel was notified or present.

The trial court's order makes extensive findings of fact concerning the guilty plea proceeding, including the statement "the court and defense counsel observed that defendant was clear of mind and understood questions easily at the guilty plea hearing and on other occasions." The court's order also refers to two medical reports concerning the movant's mental condition. The order also recites that defendant "read" the pre-sentence report and did not object to or challenge the contents of the report. The court also states as a conclusion of law that the medical reports refute the statement of the movant as to medication during the examination.

These statements both as to fact and law refute the allegations of the movant as to the movant's mental and physical condition at the time of the plea, the allegation that a hearing should have been conducted to determine competency, and the voluntary nature of the withdrawal of movant's plea of mental disease or defect.

The difficulty is that the record contains nothing to support the trial court's findings or statements. The record on this appeal contains only the pleadings of the movant in the Rule 27.26 proceeding, the trial court's order, and the court's minute sheet. There are no exhibits; there is no record of the guilty plea proceeding.

■ The procedure adopted here is directly contrary to the rule announced in *Wheatley v. State,* 559 S.W.2d 526 (Mo. banc 1977). After appointment of counsel, the court must notify counsel and give an opportunity to be heard before summarily dismissing a motion under Rule 27.26. The instant case is an example of the benefit of such a procedure. If counsel had been notified and appeared, the record would have been developed to permit review on the merits. The rationale of *Fields v. State,* 572 S.W.2d 477, 483 (Mo. banc 1978), is that "[f]inality is a central aspect of rule 27.26." Adherence to orderly process will foster finality and prevent abortive piecemeal appeals.

■ The merits of the basic issue as to the denial of an evidentiary hearing cannot be decided on this appeal since no record is before this court to evaluate that decision.

The judgment of the court must be reversed, and the cause remanded to the circuit court for further proceedings.