**Rodinald Lee REMINGTON, Movant,**

v.

**STATE of Missouri, Respondent.**

**No. 12994.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 10, 1983.

Motion For Rehearing and to Transfer to Supreme Court Denied July 1, 1983.

Application to Transfer Denied
Aug. 16, 1983.

Rodinald Lee Remington, movant, pro se.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., of Jefferson City, for respondent.

MAUS, Presiding Judge.

On May 21, 1981, the movant pled guilty to having committed sodomy on July 3, 1980. He was sentenced to imprisonment for ten years. By his motion under Rule 27.26, he seeks to set aside that plea and conviction. He alleges he was denied the effective assistance of counsel. In summary, he asserts this is so because counsel did not inform him of the Criminal Sexual Psychopath Act, RSMo 1969, §§ 202.700 to 202.770, and that had he known of those provisions he would not have entered the plea of guilty.

After the movant's pro se motion was filed, counsel was appointed for him. Through counsel an amended motion was filed. Movant filed an additional pro se amendment. Thereafter, without notice to or appearance by movant or the state, the trial court took up the amended motion. After finding that the sexual psychopath provisions were repealed before the mov-

ant's conviction, it determined that an evidentiary hearing was not necessary and dismissed the amended motion. The sexual psychopath provisions were repealed effective August 13, 1980.

The movant claims this was error because those provisions were in force at the time of the offense. Therefore, he argues they were applicable to the disposition of the instant offense. In support of that argument he cites § 1.160, RSMo 1976, and cases such as *State v. Fellows,* 629 S.W.2d 613 (Mo.App.1981); *State v. Crow,* 600 S.W.2d 162 (Mo.App.1980); *Meeks v. State,* 512 S.W.2d 215 (Mo.App.1974).

However, for the disposition of this appeal it may be assumed this court would find no evidentiary hearing was required. Nonetheless, the judgment of dismissal must be reversed and the cause remanded. "The procedure adopted here is directly contrary to the rule announced in *Wheatley v. State,* 559 S.W.2d 526 (Mo. banc 1977). After appointment of counsel, the court must notify counsel and give an opportunity to be heard before summarily dismissing a motion under Rule 27.26." *Dawson v. State,* 640 S.W.2d 165, 166 (Mo.App.1982).

The state argues that the requirement announced in *Wheatley v. State,* 559 S.W.2d 526 (Mo. banc 1977), was satisfied when movant's counsel appeared by the filing of an amended motion. This court does not accept that argument. The issue posed in *Wheatley* was stated in the opening sentence. "This case presents the question of whether, after counsel has been appointed for a petitioner who files pro se a motion for postconviction relief under rule 27.26, the trial court may, without giving counsel notice or an opportunity to be heard, summarily deny the motion." *Wheatley v. State,* supra, at p. 526. The holding in *Wheatley* has been summarized. "The trial court did precisely what was required by *Wheatley* in that, after appointing counsel for movant and before dismissing the 27.26 motion by sustaining the state's motion to dismiss, the trial court afforded movant's counsel the opportunity to be heard on the matter by giving notice and setting the

same for a hearing." *Seales v. State,* 580 S.W.2d 733, 734 (Mo. banc 1979). Because of the irregularity noted, the judgment of the trial court is reversed and the cause is remanded for further proceedings not inconsistent herewith.

The amended motion must be measured by the criteria for an evidentiary hearing, as summarized in cases such as *Leigh v. State,* 639 S.W.2d 406 (Mo.App.1982). If it is the state's position no evidentiary hearing is required, it would be appropriate for the state to file a pleading alleging the failure of movant's 27.26 motion to meet such criteria. The movant has filed in this court a waiver of counsel. Upon remand the trial court should tender to him the appointment of counsel. It may then proceed in accordance with Rule 27.26 and rules of procedure thereunder. *Wheatley,* supra.

HOGAN and PREWITT, JJ., concur.