**Lex Allen DUGGAR, II, Movant-Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 13964.**

Missouri Court of Appeals, Southern District, Division Two.

Aug. 8, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 29, 1985.

Application to Transfer Denied Oct. 16, 1985.

C.J. Larkin, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Victorine R. Mahon, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Chief Judge.

Movant filed a motion under Rule 27.26 seeking to vacate convictions for felonious

stealing and first-degree robbery. The trial court made findings of fact and conclusions of law and overruled the motion without an evidentiary hearing.

Movant's point on appeal contends the trial judge's ruling was erroneous because movant's appointed counsel did not amend the motion to present the contentions "in a lawyer-like fashion" and the judge failed to give movant notice of his intention to rule on the motion. We find no merit to these contentions.

■ The motion was stated on the form provided following Rule 27.26. The only attachment was a "Witness Sheet" listing eight witnesses. Although movant's "grounds" and "facts" may not have been stated in a "lawyer-like fashion", they were understandable. This was not a motion which required amendment as did the motion in *Pool v. State,* 634 S.W.2d 564 (Mo. App.1982). The trial court carefully considered the factual allegations and there was no prejudicial error to movant in the failure to amend. Compare *Smith v. State,* 674 S.W.2d 634, 636 (Mo.App.1984).

The requirements of notice prior to a trial court's ruling dismissing a Rule 27.26 motion and many of the cases discussing such notice were carefully analyzed by Judge Crandall in *Riley v. State,* 680 S.W.2d 956 (Mo.App.1984). The opinion concludes that before the court's ruling, the attorneys in the matter "should have been made aware of the court's intention to enter its order and been given an opportunity to be heard." 680 S.W.2d at 958. See also *Seales v. State,* 580 S.W.2d 733 (Mo. banc 1979) (Movant's counsel must be given an opportunity to be heard before the trial court dismisses a 27.26 motion for failure to state a claim.); *Wheatley v. State,* 559 S.W.2d 526 (Mo. banc 1977); *Remington v. State,* 654 S.W.2d 280 (Mo. App.1983); *Dawson v. State,* 640 S.W.2d 165 (Mo.App.1982); *Lang v. State,* 596 S.W.2d 739 (Mo.App.1980).

■ Notice and an opportunity to be heard on a 27.26 motion should be given whether the trial court is considering dismissing, overruling, or otherwise denying the motion. That was done here. Movant's motion was filed on May 26, 1981. On that date the judge of the division of the Jasper County Circuit Court in which the motion was placed disqualified. The matter was transferred to another division. On May 28, 1981 the judge of that division appointed the Jasper County Public Defender to represent defendant. Thereafter, the public defender filed for a writ of prohibition. Evidently a preliminary order was issued by the supreme court but quashed in April of 1982.

The record indicates no further filings or action taken until April 1984 when the court directed the attorneys of record to appear on April 30, 1984 to advise the court of the status of the motion. After counsel appeared the court set a hearing for May 21, 1984 to determine if an evidentiary hearing was necessary. On May 21, the prosecuting attorney appeared for the state and movant appeared with his appointed attorney. The trial court's findings state that movant's attorney "requested the Court to defer action and give movant an additional 30 days to file amended motion." The court granted the extension.

■ On June 27, 1984, at movant's request, an additional 30 days was allowed to file an amended motion. On August 13, 1984, when a new attorney was assigned by the state public defender's office to represent movant, an additional 30 days to file an amended motion was granted. When no amended motion had been filed by September 13, 1984, the trial judge entered findings of fact and conclusions of law overruling the motion without an evidentiary hearing.

The record indicates that the trial court held a hearing to determine if evidence was necessary and movant's counsel understood that the court was prepared to make a ruling on that issue. Otherwise, no request to "defer action" and to give movant 30 days to file an amended motion would have been made. Counsel received the required opportunity to be heard before the court's ruling.

The court granted several extensions in which to file an amended motion. Since none was filed, the court apparently decided that this matter had been delayed long enough. Upon the record presented, ruling the motion was proper on the notice and hearing given, and the result the trial court reached on the motion's merits was correct.

The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.