Ricky **MILLS**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. 51443.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 23, 1986.

Ilene A. Goodman, St. Louis, for appellant.

William L. Webster, Atty. Gen., Timothy W. Anderson, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his Rule 27.26 motion without an evidentiary hearing and without notice to movant's lawyer. We reverse and remand due to lack of prior notice to movant's lawyer of the date of entry of the Rule 27.26 judgment.

On June 17, 1985, movant filed a *pro se* Rule 27.26 motion. On June 26, 1985, a lawyer was appointed to represent him. On July 25, 1985, the Rule 27.26 trial court notified the lawyers unless an amended motion was filed on or before August 30, 1985, the court would rule on the merits of the *pro se* motion shortly thereafter. After several requests for extensions of time, on January 15, 1986, his lawyer filed an amended motion. This amended motion contained eight allegations and incorporated by reference the allegations of the original motion. On January 29, 1986, without notice to movant's lawyer, the court denied the amended motion without an evidentiary hearing and entered its extensive findings of fact and conclusions of law. On the same day, copies of the judgment and the nine-page memorandum opinion, including findings of fact and conclusions of law, were mailed to the lawyers. On February 5, 1986, and by amendment on February 7, 1986, movant filed his motion for rehearing of the January 29, 1986 judgment. Among other things, movant complained about the contents of the amended motion, but not about lack of notice to his lawyer of the date of entry of the judgment.

Of the eight allegations of error in movant's amended motion, the Rule 27.26 court ruled four of them were so vague, general and conclusional as to present nothing for the Rule 27.26 court to rule upon. Accordingly, disposition of the Rule 27.26 motion was not determined entirely upon its merits. *Riley v. State*, 680 S.W.2d 956, 957 (Mo.App.1984).

*Wheatley v. State*, 559 S.W.2d 526 (Mo. banc 1977); *Riley v. State*, 680 S.W.2d 956 (Mo.App.1984); and *Walker v. State*, 698 S.W.2d 871 (Mo.App.1985) mandate reversal and remand by reason of lack of prior notice to movant's lawyer of the date of entry of the January 29, 1986 judgment. We are not unmindful of the opprobrious burden placed upon the Rule 27.26 trial court by this rule. We cannot say the lack of prior notice to movant's lawyer of the date of entry of judgment would have made any difference. But, as stated in *Riley*, it is reasonable and proper for notice to be given to movant's lawyer of the date the Rule 27.26 judgment is to be ruled upon in order that movant's lawyer may be present in court if he chooses to be present, or take such other action as he deems

appropriate. The cause must be remanded to permit movant an opportunity to amend his first amended motion and for such other proceedings as the second amended motion may require. By this ruling, the other allegations of error in movant's brief have become moot.

Reversed and remanded.

SATZ, P.J., and KELLY, J., concur.