**Loretta YOUNG, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 50742.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 10, 1987.

Kathryn Shubik, St. Louis, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

SATZ, Presiding Judge.

This is an action under Rule 27.26. The trial court denied movant's pro se motion. Movant appeals. We reverse and remand.

Movant was convicted by a jury of capital murder and sentenced to life imprisonment. Her conviction was affirmed on direct appeal. *State v. Young,* 610 S.W.2d 8 (Mo.App.1980). The following events then occurred:

| | | |
|---|---|---|
| 3/11/85 | - | Movant files a pro se motion under Rule 27.26. |
| 3/25/85 | - | Counsel is appointed to represent movant. |
| 4/18/85 | - | Motion for change of judge is filed and granted. |
| 5/21/85 | - | New hearing judge sets prehearing conference on 6/7/85. |
| 6/7/85 | - | Prosecutor appears. Movant's counsel fails to appear. Movant's counsel granted "30 days" to amend motion. Prehearing conference set on 7/12/85. |
| 7/12/85 | - | Movant's counsel is granted until 8/9/85 to amend motion, because of "communications problems" with movant. |
| 8/26/85 | - | Pro se motion still has not been amended. Judge finds the motion does not require evidentiary hearing, and files "Statement, Issues and Conclusions." |
| 10/7/85 | - | Notice of appeal filed. |

As can be seen from this record, the trial court granted movant's counsel two consecutive thirty day continuances to amend the pro se motion, and counsel failed to amend the motion within that time. Faced with counsel who, from the record, may have appeared to the trial court to have been manipulative or dilatory, the court struck a balance between the expeditious disposition of the motion and the proper processing of movant's rights. The balance struck resulted in the court ruling on the pro se motion without a hearing. This outcome, we believe, did not properly protect movant's rights.

 Rule 27.26 was designed by our Supreme Court to be substitute process for the writ of habeas corpus. *See, e.g. Wiglesworth v. Wyrick*, 531 S.W.2d 713, 716 (Mo. banc 1976). The Rule is designed to make the writ more accessible to those in confinement and, at the same time, provide a uniform method of post conviction relief. *Id.* at 719. It is the exclusive means by which a prisoner can attack his sentence after it has been affirmed, and, thus, it includes all relief previously available by habeas corpus when seeking post conviction review of a previously affirmed sentence. *Id.* at 716; Rule 27.26(a). In effect, Rule 27.26 replaces the traditional writ of habeas corpus in processing post conviction relief.

 Admittedly, in form, the writ of habeas corpus, like Rule 27.26, is simply a procedural device. The writ, however, is the means for enforcing the fundamental right of personal liberty. It forces the government to account to the judiciary the reasons for a person's imprisonment. *Fay v. Noia*, 372 U.S. 391, 401–402, 83 S.Ct. 822, 828–829, 9 L.Ed.2d 837 (1963). Its existence is guaranteed by both the United States and Missouri Constitutions. U.S. Const. art. 1, § 9, cl. 2; Mo. Const. art. 1, § 12. Unquestionably, the writ and, in turn, Rule 27.26 are procedures essential to the proper administration of justice.

To ensure the right to review under Rule 27.26 was not illusory and was congruent with that right under habeas corpus, the Rule, as originally promulgated, was expanded and new procedural safeguards were added. For example, in 1967, the Rule was amended to require the appointment of counsel "to assist the prisoner if he is an indigent person" and "if the motion presents questions of law or issues of fact." Rule 27.26(h) (1969). *See also, State v. Stidham*, 415 S.W.2d 297, 298 (Mo. banc 1967). Then, to avoid the question of whether counsel had to be appointed in all 27.26 motions filed by indigent prisoners, *see, Smith v. State*, 513 S.W.2d 407, (Mo. banc 1974), *cert. denied* 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975), our Supreme Court eliminated the condition requiring the appointment of counsel "if the motion presents questions of law or issues of fact" and required the appointment of counsel in *all* pro se motions filed by indigent prisoners. Rule 27.26(h) (1978); *See Fields v. State*, 572 S.W.2d 477, 480–483 (Mo. banc 1978). This per se rule for appointment of counsel for indigent prisoners was essential, the Court said, because "[t]he proper agent to assist the court in the search to determine whether a claimed ground for relief [is meritorious or frivolous] is an attorney." *Fields v. State, supra* at 482.

 Here, pursuant to the Rule, the trial court appointed counsel for movant and gave counsel at least sixty days to amend the pro se motion. Arguably, sixty days is a "reasonable time" as contemplated by the Rule for amending a pro se motion, Rule 27.26(h); and, thus, arguably, appointed counsel failed to meet her obligation to consider and amend the pro se motion within a "reasonable time". Faced with this dilemma, the trial court resolved it by ruling on the pro se motion without a hearing. For what purpose? To what end?

The trial court's action did not further the expeditious administration of justice. The disposition of the motion may have been expeditious, but justice is not served by ruling on a pro se motion which, at best, is an incomprehensible, "inarticulate and inartful expression of frustrations," *Fields v. State, supra* at 481–82, rather than a clear and precise expression of a fundamental right to review. The denial of the

pro se motion was a foregone conclusion once the trial court proceeded to consider it without amendment.

Admittedly, the trial court, as an essential part of the judicial system, cannot tolerate undue delay caused by manipulative or negligent counsel. The court must act. However, if appointed counsel here does fit that description and did create undue delay, the court had other means to correct counsel and send a message to other counsel of like mind. And, obviously, to determine the reasonableness of the court's action to avoid further delay, its action must be balanced against the effect of that action on movant's right to review. Counsel here was appointed by the court. She was the court's choice to ensure movant's rights were properly exercised, in particular, to amend the pro se motion if necessary. It is incongruous, to say the least, to choose counsel for movant and then penalize the movant because counsel did not fulfill the duty she was chosen for. In effect, movant's rights were extinguished without meaningful consideration because of the court's choice and not due to any apparent fault of movant.

Our courts have reversed denials of 27.26 motions when, among other defects, appointed counsel failed to amend a pro se motion. *Jones v. State*, 702 S.W.2d 557, 559 (Mo.App.1985); *McAlester v. State*, 658 S.W.2d 90, 92 (Mo.App.1983); *see also Fields v. State*, 572 S.W.2d at 483. Our colleagues in the Southern District, however, on facts similar to the case at bar, did affirm the denial of a pro se motion. *Duggar v. State*, 697 S.W.2d 309 (Mo.App. 1985). But *Duggar* is distinguishable, if it need be distinguished. In *Duggar* the trial court gave counsel notice of and an opportunity to be heard on its intention to rule on the pro se motion. No such notice or opportunity to be heard was given here. This failure is reversible error. *E.g. Mills v. State*, 723 S.W.2d 71 (E.D.Mo., 1986); *Riley v. State*, 680 S.W.2d 956 (Mo.App.1984).

Quite simply, the trial court's action here effectively suspended movant's right to the writ of habeas corpus. The conduct of movant's counsel did not require that dras-

tic action. More important, in the present context, the trial court's action was of limited value compared to the injury done to movant's fundamental right to the writ. Therefore, the court's action was an abuse of its discretion.

Judgment reversed and remanded. The trial court is directed to appoint new counsel for movant and process this motion in accord with Rule 27.26.

KELLY, J., concurs.

CRIST, J., concurs in result only.