**William Henry EGGERS,
Plaintiff-Appellant,**

v.

**STATE of Missouri,
Defendant-Respondent.**

No. 52636.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 4, 1987.

Motion for Rehearing and/or Transfer
Denied Oct. 13, 1987.

Mary E. Dockery, Asst. Public Defender, Clayton, for plaintiff-appellant.

William L. Webster, Atty. Gen., Jeffrey Philip Dix, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

KAROHL, Judge.

Movant appeals denial of relief in a Rule 27.26 proceeding wherein movant sought relief from the conviction and sentence for the charge of capital murder, Section 565.-001 RSMo 1978. We quote the single claim of error asserted by movant on appeal:

> THE TRIAL COURT ERRED IN ENTERING ITS FACTS AND CONCLUSIONS OF LAW AND ORDER DISMISSING APPELLANT'S UNAMENDED PRO SE PETITION PURSUANT TO MISSOURI SUPREME COURT RULE 27.26 FOR THE FOLLOWING REASONS:
>> A) APPOINTED COUNSEL HAD FAILED TO AMEND APPELLANT'S PRO SE MOTION, AND
>> B) THE TRIAL COURT DID NOT ADDRESS THE ISSUE OF INEFFECTIVE ASSISTANCE OF COUNSEL APPELLANT RAISED WHEN HE ASSERTED IN HIS PRO SE PETITION THAT HIS "SIXTH AMENDMENT RIGHTS" HAD BEEN VIOLATED.

This court affirmed movant's conviction on direct appeal. *State v. Eggers,* 675 S.W.2d 923 (Mo.App.1984). Rehearing was denied and an application to transfer ad-dressed to the Missouri Supreme Court was denied. In the direct appeal we found and held that the evidence was sufficient to support the charge, particularly that there was sufficient evidence to support the jury's finding of deliberation and premeditation. The facts in support of that conclusion are fully set forth in the opinion. We rejected defendant's claim of error based on the "Witherspoon Rule." Finally, we rejected defendant's claim that the trial court erred in refusing to accept defendant's request to excuse the jury from participating in the sentencing phase of the trial.

On June 6, 1985 movant filed a pro se motion under the Rule. We quote the grounds asserted for relief without changes in style, spelling or otherwise:

### MOVANT'S CONTENTIONS

(A) It is the contention of you Movant and he alleges that his conviction and imprisonment is in violation of his Fifth, Sixth, and Fourteenth Amendment rights under the United States Constitution, and is contrary to the commands embodied in the Missouri Constitution, in that:

(1) Section 565.001 is unconstitutional, in that, said Section is vague and ambiguous, and does not fully apprise the accuse of the charge and essential elements prerequisite to charge him with Capital Murder, or any other degree of murder. That is to say, before any person can be charged with any degree of murder, the indictment or information must alleges, 'Malice aforethought', otherwise no murder charge is alleged, and as a matter of law, and in the absence of the malice aforethought allegation, the charge is no more than 'manslaughter'.

(B) At the trial of this cause the State did not prove beyond a reasonable doubt the essential elements contained in the within Information.

(C) The trial judge neglected and failed to fully/instruct the/jury of the essential elements of the charged crime; therefore, the jury could not find beyond

a reasonable doubt that Movant was guilty of the crime charged, but were allowed to *presume* by a preponderance, or other standard, not including beyond a reasonable doubt, that Movant was guilty.

(D) The Missouri Court of Appeals, Eastern District, in *Eggers v. State,* clearly stated in its decision that the jury could 'presume' proof of the essential elements of said Capital Murder charge, thereby shifting the burden of proof, and lessessing the State's burden of/proof beyond a reasonable doubt.

(E) Contrary to Movant's constitutional rights he was not represented by counsel at each and every stage of the proceedings against him, nor was he personally present at each and every step of the proceedings held against him; in that, in the absence of counsel, and Movant, the court delivered and additional to the jury.

We read the motion to assert a violation of movant's Fifth, Sixth and Fourteenth Amendment rights ascribed in what was intended to be paragraphs (A)–(E). We also note that the motion filed pro se includes an analysis of the statutory crime of capital murder, a review of the evidence relating to premeditation, quotation from the trial transcript and a legal argument styled "the law and the argument." The argument includes legal citations to support the claims of denial of constitutional rights including citations relating to the constitutionality of the statute for capital murder. Some licensed attorneys could claim the motion as their own.

On June 18, 1985 the motion court appointed the special public defender to represent movant. On July 12, 1985 movant filed an amendment to the Rule 27.26 motion which asserted an additional ground for relief: that during the trial the trial judge and attorney for the state informed the venire panel and the jury that there would be a second phase of trial for the purpose of assessing punishment, if necessary. Appointed counsel did not file an amended motion.

On February 4, 1986 the court set the motion for hearing after determining that the presence of the defendant would not be necessary "because the present pleadings raise no issue of any contraverted fact." The matter was set for February 13, 1986. It was presented on that day.

On March 7, 1986 the motion court entered findings of fact, conclusions of law and a judgment overruling and denying relief which recites that the matter was considered after review of the motion, the trial transcript and file and after conferring with the attorneys. The findings include a comment that the court "dismisses the petition and denies petitioner's motion for an evidentiary hearing for the reason that petitioner raises no issues cognizable in a 27.26 motion." However, the court "ordered and adjudged that Movant's Motion to Vacate, Set Aside, or Correct Sentence Under Rule 27.26 is overruled and denied."

Findings of the motion court were directed to each paragraph of the motion. On paragraph 1 A the court found as a matter of law that constitutionality of a statute is not a proper subject matter for a 27.26 motion and need not be entertained. The allegations in paragraphs 1 B were found to be without merit because they alleged mere conclusions and because sufficiency of trial evidence is not subject to challenge under Rule 27.26. The motion court found the allegations in paragraphs 1 C "through 1 D" claim instructional error which is not within the purview of Rule 27.26.

Before addressing the merits of the appeal some preliminary observations are necessary. First, the motion court mentioned both dismissal and denial of relief. Movant's claim of error addresses only dismissal. The decision of the court may be unclear. We elect to review as if movant claimed error in dismissal or denial and will consider the merits.

■ Second, our determination is limited to whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j).

■ Third, the subject matter of a Rule 27.26 proceeding is limited by the rule to a determination whether defendant's original

trial was violative of any constitutional requirements or if the judgment was otherwise void. *Fields v. State*, 572 S.W.2d 477, 480 (Mo. banc 1978). "It is not the proper vehicle for the relitigation of a defendant's guilt or innocence." *Id.* at 480.

■ Fourth, it was said in *Fields*, "[t]he proper agent to assist the court in the search to determine whether a claimed ground for relief if meritorious and deserving of relief or not meritorious or perhaps even frivolous is an attorney, appointed pursuant to Rule 27.26(h)." *Fields*, 572 S.W.2d at 482. Counsel is obligated to ascertain from movant whether the pro se motion includes all known grounds for relief and if not to file an amended motion. This does not mean that in every case counsel must file an amended motion. "This obligation includes amending the motion, *if necessary*, more fully and accurately to allege the grounds which petitioner has undertaken to state in his pro se motion." *Id.* at 482. With these considerations in mind we address the merits of movant's appeal as a claim that the motion court erred in dismissing or overruling the motion.

■ Movant correctly claims that appointed counsel failed to amend the pro se motion. That election is not per se grounds for reversal. What is required is the appointment of counsel "if the motion presents questions of law or issues of fact", Rule 27.26(h), and amendment "if necessary". *Fields v. State*, 572 S.W.2d at 482. We have held that justice requires that the motion not be "an incomprehensible, inarticulate and inartful expression of frustrations." *Young v. State*, 724 S.W.2d 326, 327 (Mo.App.1987). Affirmatively, it must be "a clear and precise expression of a fundamental right to review." *Id.* We find the pro se motion filed by movant satisfied the requirements. There is no claim of error that movant was aware of any additional grounds to be alleged in an amended motion or that appointed counsel failed to allege grounds which were available. Our analysis of the motion including the statement of grounds for relief and the supporting arguments adequately presented the matters for the court's consideration in light of the purpose of the Rule.

Movant relies on our opinion in *Young v. State*, supra. The facts in the present case are quite different. In *Young*, appointed counsel was twice granted a time to file an amended motion, but none was filed. There is an inference that the pro se motion was insufficient and that an amendment was necessary. In the present case counsel was notified of a hearing which the court held. In *Young* there was no notice and no hearing.

■ Movant also contends in argument that the motion court failed to consider a claim of ineffective assistance of counsel. The difficulty with this contention is that the motion does not allege any acts or failures to act by trial counsel amounting to ineffective assistance. The specifications of violation of constitutional rights suggest some misconduct by the trial court or counsel for the state, but do not mention or suggest any ineffective assistance of defense counsel. The former are matters for direct appeal and the latter is a ground for relief under the Rule. Where the motion does not allege facts from which ineffective assistance of defense counsel may be found, if proven, the issue is not before the motion court. In the present case there is no indication that appointed counsel could have made such allegations and that matter is not argued on this appeal.

■ We find and hold that the findings of fact and conclusions of law of the motion court were not clearly erroneous. The motion court correctly found that constitutionality of a criminal statute, if preserved, is a matter for direct appeal. So also is a matter of the sufficiency of the evidence. In the present case that issue was raised and decided on direct appeal. The sufficiency of instructions is a matter for direct appeal. The allegation relating to a holding of this court on direct appeal is not a proper subject under the Rule. The final claim in the original motion alleges that the court gave the jury an additional instruction in the absence of defense counsel which denied movant a constitutional right to counsel at every stage of the pro-

ceedings. The basis of this claim is set forth in the motion. Movant contends that during jury deliberations and "while the attorneys were at lunch" the court responded to a written question by the jury by a written response stating, "the jury must be governed by the instructions." The trial court made a record on these events as quoted by movant. This also is a matter for direct appeal and was presented to the motion court as an admitted fact for which no hearing was required. The ruling of the trial court was on the basis that this was not "instructional error." It was correct either as a matter of "instructional error" or otherwise. Finally, the matter raised in the amended motion, advance notice of a second stage decision, is one if trial court error for direct appeal.

We affirm.

PUDLOWSKI, P.J., and CRANDALL, J., concur.