Gary PARRY a/k/a Thomas Lacey, Appellant,

v.

STATE of Missouri, Respondent.

No. 52228.

Missouri Court of Appeals, Eastern District, Division One.

Aug. 25, 1987.

Motion for Rehearing and/or Transfer Denied Sept. 23, 1987.

Application to Transfer Denied Nov. 17, 1987.

William J. Shaw, Public Defender, Mary E. Dockery, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Colly Frissell-Durley, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals from the dismissal of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant had been convicted by a jury of first degree robbery and armed criminal action for which he was sentenced to consecutive sentences of twenty-five years' imprisonment for the robbery and five years' imprisonment for the armed criminal action. This court affirmed movant's conviction on direct appeal. *State v. Parry*, 684 S.W.2d 441 (Mo.App.1984).

On January 3, 1986, movant filed a *pro se* motion in which his only ground for relief was the substitute information in lieu of indictment was fatally defective as to Count I, Robbery in the First Degree, and Count II, Armed Criminal Action. On January 17, 1986, the Rule 27.26 court appointed a Public Defender to represent movant. On February 19, 1986, the State filed a motion to dismiss movant's motion for the reason that the substitute information followed MACH–CR 23.02, Robbery First Degree and MACH–CR 25.02, Armed Criminal Action. On February 20, 1986, movant's appointed attorney filed a motion to withdraw as attorney for movant because of an alleged conflict of interest in the public defender system. On February 28, 1986, movant's appointed attorney withdrew her first motion to withdraw as attorney and filed a subsequent motion to withdraw. Testimony was heard on the motion to withdraw and the motion was overruled. The Rule 27.26 court then, without objection, heard argument on the State's motion to dismiss and granted the dismissal.

On appeal, movant claims the Rule 27.26 court erred in dismissing movant's unamended motion immediately after overruling the motion to withdraw in that the Rule 27.26 court did not give movant's appointed counsel advance notice of and an opportunity to be heard on its intention to rule on the merits of movant's Rule 27.26 motion. Movant also claims his appointed counsel was not given a meaningful opportunity to amend his *pro se* motion.

Movant relies on *Young v. State*, 724 S.W.2d 326 (Mo.App.1987). While the record in this case leaves much to be desired, it does not show movant was denied his right to amend his Rule 27.26 motion, nor was he denied notice of or a hearing on the State's motion to dismiss.

In keeping with *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978), the trial court appointed the Public Defender's Office to represent movant. In keeping with *Fields*, movant and his attorney then had an opportunity to amend the Rule 27.26 motion. For whatever reason, the record shows no amendment was made. The allegations of movant's Rule 27.26 motion as to the defective substitute information were well written and understandable to the Rule 27.26 trial court. Perhaps movant had no other grounds for relief? The record is silent as to why. Movant has made no suggestion that he had other grounds for vacating his sentences, being content on this appeal to complain he was denied his right to amend. Movant's lawyer had a duty to amend the Rule 27.26 motion only if there were other grounds for relief because the facts supporting movant's allegations were sufficiently stated by movant and considered by the Rule 27.26 trial court. *Duggar v. State*, 697 S.W.2d 309, 310 (Mo.App.1985). No suggestion has been made there were any other such grounds for relief. Contrary to *Young*, the record does not show movant was denied a right to amend his Rule 27.26 motion, but merely that an amendment was not made.

Movant was notified of the hearing which was scheduled for February 28, 1986, because his lawyer was present and participated in the hearing. *State v. Friend*, 607 S.W.2d 902, 904 (Mo.App.1980). The Rule 27.26 trial court's FINDINGS AND ORDER were filed on the same day. The ruling of the Rule 27.26 trial court as to the substitute information was correct. For the reason the record does not show movant was denied his right to amend his Rule 27.26 motion, and for the further reason his lawyer participated in the hearing on the State's Motion to Dismiss. *Young*, 724 S.W.2d at 326; *Mills v. State*, 723

S.W.2d 71 (1986); and *Riley v. State*, 680 S.W.2d 956 (Mo.App.1984) are inapposite.

Judgment affirmed.

SATZ, P.J., concurs in result.

KELLY, J., concurs.