Robert LOWERY, Appellant,

v.

STATE of Missouri, Respondent.

No. 52360.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 1, 1987.

Motion for Rehearing and/or Transfer
Denied Oct. 6, 1987.

Application to Transfer Denied
Nov. 17, 1987.

Holly G. Simons, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Jeffrey Philip Dix, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his *pro se* Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant was convicted by a jury of robbery in the first degree and of armed criminal action. He was sentenced to twenty-five years' imprisonment on the robbery conviction and to twenty years' imprisonment on the armed criminal action. His convictions were affirmed on appeal. *State v. Lowery*, 608 S.W.2d 445 (Mo.App. 1980), *vacated,* 452 U.S. 912, 101 S.Ct. 3044, 69 L.Ed.2d 415 *aff'd in part on remand,* 619 S.W.2d 77 (Mo.banc 1981), *vacated,* 459 U.S. 1192, 103 S.Ct. 1171, 75 L.Ed.2d 423 (1983), *aff'd on remand,* No. 62710 (Mo.banc March 21, 1984).

On July 10, 1986, movant filed his first timely *pro se* Rule 27.26 motion. Thereafter:

7/18/86—Public defender appointed to represent movant.

8/4/86—Hearing set for 8/22/86 to determine if movant's motion stated a claim for relief.

8/7/86—Hearing continued on movant's motion to 8/29/86.

8/29/86—Movant's lawyer appeared, but the State's lawyer did not. Movant was given a continuance to study the trial transcript and file a *possible amended motion.*

9/19/86—Hearing set for October 10, 1986, on issue of whether movant's petition stated a cause of action. If the Rule 27.26 motion was to be amended, it was ordered to be filed not later than October 10, 1986.

10/10/86—Movant's lawyer filed a motion to disqualify the judge. At the hearing movant's lawyer appeared, and the State was represented by an Assistant Circuit Attorney. Argument was heard on the motion to disqualify. No witnesses were sworn. No evidence was presented. The motion was denied.

Movant's lawyer sought a continuance. No argument was presented on the adequacy of the Rule 27.26 motion. The motion was denied.

At the August 29, 1986 discussion hearing, movant's lawyer stated she was in the process of trying to get a copy of the trial transcript and of the original appellate brief. She said she was basically asking for a continuance. The Rule 27.26 judge asked her how long it would take to prepare an amendment. She responded by saying assuming she could get the briefs some time soon, not longer than a month.

█ On October 10, 1986, movant's lawyer showed up empty-handed except for a motion to disqualify the Rule 27.26 judge. This motion was filed fifty-five minutes before the scheduled hearing and was untimely under a local court rule. Movant asserts the Rule 27.26 judge should have excused himself because of his alleged general bias against the public defender's office. It was asserted this bias would have kept the judge from being fair and impartial. For the reason the motion to disqualify the Rule 27.26 judge was not timely, Local Court Rule 33.1, movant's first point is denied.

Movant asserts the Rule 27.26 court did not give movant's counsel a reasonable opportunity to amend his Rule 27.26 motion. We disagree.

At the October 10, 1986 discussion hearing, after the Rule 27.26 judge denied movant's motion to disqualify, the judge asked movant's lawyer: "Now, do you have an amendment?" She asked for a stay of proceedings until a writ in another case asking the judge to disqualify himself was decided. This was denied. Then she asked for time to "make up" a verified motion for continuance. The judge said she could make it up, but he was going to deny it. The judge again asked if she had an amendment to movant's *pro se* motion. She said she did not and asked to explain why. She said she had not been able to reach movant in Jefferson City. She had sent her investigator to Jefferson City, but

the investigator reported movant had attempted suicide and was incapable of communicating with anyone at that time. She said she had just received the trial transcript and had not received a copy of the original appellate brief. Movant's lawyer's explanation was not under oath.

■ Movant's attorney must receive notice of and an opportunity to be heard on the Rule 27.26 court's intention to rule on the Rule 27.26 motion. *Young v. State*, 724 S.W.2d 326, 328 (Mo.App.1987); *Mills v. State*, 723 S.W.2d 71 (Mo.App.1986). Such notice and opportunity to be heard were provided in this case.

The record shows movant's lawyer had a reasonable opportunity to file an amended Rule 27.26 motion. An amended motion is not required if movant's *pro se* motion adequately states his grounds for relief. *Duggar v. State*, 697 S.W.2d 309, 310[1] (Mo.App.1985). *But see Young v. State*, 724 S.W.2d 326, 328 (Mo.App.1987) (holding the result is consistent with *Duggar* but advancing the proposition an amended motion might be required).

■ The nagging question is what part does inadequacy of Rule 27.26 counsel play in a Rule 27.26 proceeding. *Fields v. State*, 572 S.W.2d 477 (Mo.banc 1978) requires the appointment of a lawyer to represent a movant and to amend his Rule 27.26 motion if necessary. The Missouri Supreme Court, without explanation, reversed and remanded a Rule 27.26 proceeding for inadequacy of Rule 27.26 counsel. *Reed v. State*, —— So.2d —— No. 51462 (Mo.App. April 28, 1987). Without more definite guidelines, however, this court will follow the general rule that inadequacy of Rule 27.26 counsel cannot be challenged in the appeal of a Rule 27.26 motion. *Hubbard v. State*, 706 S.W.2d 289, 290 [2] (Mo.App.1986).

■ The question then remains, did movant's *pro se* 27.26 motion state facts not refuted by the record which entitled him to an evidentiary hearing.

Movant claimed (1) he was denied ineffective assistance of counsel in that only one of his two convictions was appealed, (2) his appellate attorney failed to argue "aggravation" in support of his claim of double jeopardy, (3) he was placed in double jeopardy due to "aggravation," (4) the trial court did not properly instruct the jury on "accountability" of an aider and abetter, (5) his sentence was changed when the Missouri Department of Corrections changed its policy on release, (6) he was tried as a persistent offender because he exercised his right to a jury trial, (7) he was denied effective assistance of counsel because his attorney did nothing to challenge the State when it proved movant's prior offenses, and (8) he was denied due process because the law allowing impeachment by the use of prior convictions is unconstitutional when an accused is being tried under the second offender statute.

The Rule 27.26 court found (1) movant's claim was conclusory in that it did not allege any legitimate ground for appeal which was not appealed, (2) and (3) there was no double jeopardy and no argument by movant's attorney could change the ruling, (4) any instructional error was trial error and is not cognizable under Rule 27.26, (5) movant was sentenced within the statutory range of punishment and the court never changed the sentence, (6) movant did have prior convictions, and this claim states no ground for relief, (7) movant did not allege how his attorney could have attacked the admission of his prior convictions, and it is not ineffective to fail to object to admissible evidence, and (8) it is settled law that prior convictions can be used for impeachment and used under the prior offender statute.

■ A Rule 27.26 movant is entitled to an evidentiary hearing only if he states facts, not conclusions, which are not refuted by the record and which would entitle him to relief. *Chamberlain v. State*, 721 S.W.2d 139, 140 [1] (Mo.App.1986). In this case, movant's claims were conclusory, based on misstatements of the law, or were not reviewable under Rule 27.26. He was not entitled to an evidentiary hearing.

Judgment affirmed.

KELLY, J., concurs.

SATZ, P.J., concurs in result.