James McKINLEY, Movant–Appellant,

v.

STATE of Missouri,
Respondent–Respondent.

No. 54140.

Missouri Court of Appeals,
Eastern District,
Division One.

June 7, 1988.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
July 6, 1988.

Richard A. Fredman, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals after the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant was found guilty by a jury of first degree robbery and sentenced by the court as a prior offender to a term of 17 years' imprisonment. We affirmed in *State v. McKinley*, 689 S.W.2d 628 (Mo. App.1984). Movant filed a pro se Rule 27.26 motion in which he alleged five instances of ineffective assistance of trial counsel. Appointed motion counsel filed an amended motion which incorporated movant's allegations by reference and added four allegations of ineffectiveness to the five contained in the pro se motion. The motion court denied relief without an evidentiary hearing and entered findings of fact and conclusions of law, including an itemized treatment of movant's nine allegations of ineffectiveness.

On appeal, movant points to no motion court error; he contends, rather, that he was prejudiced by motion counsel's failure "to fully perform her duty and amend [movant's] Rule 27.26 motion so as to state factually [movant's] claims for relief in a lawyer-like fashion as mandated by Rule 27.26(h)." We consider movant's point to be that the motion court erred in not conducting an evidentiary hearing, because, had counsel properly amended the pro se motion, the court would have conducted a hearing.

Rule 27.26(h) requires appointed motion counsel to, among other things, "ascertain from the prisoner the facts supporting the grounds asserted in the motion and if those facts are not sufficiently stated in the motion, counsel shall file an amended motion." The Missouri Supreme Court, in *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978), described the duty of appointed counsel as an "obligation to amend the motion to state factually in lawyerlike fashion the basis for all claims for relief under Rule 27.26 which movant claims to have." *Id.* at 483.

In *Smith v. State*, 674 S.W.2d 634 (Mo. App.1984), the southern district stated, "There is no prejudicial error when the [motion] court carefully sieves [pro se] documents and considers the factual allegations gleaned therefrom." *Id.* at 636. *Accord, Duggar v. State*, 697 S.W.2d 309 (Mo.App.1985) (If a movant's allegations, although not stated in a lawyer-like fashion, are understandable, and the motion court carefully considers the factual allegations, there is no prejudice to the movant if appointed counsel fails to amend. *Id.* at 310.).

Contrary to movant's argument, the pro se motion did contain some factual allegations. In addition to labeling movant's five pro se allegations as "conclusory," the motion court also categorized four of the five as allegations of trial error, not reviewable in a Rule 27.26 proceeding. It is apparent from the motion court's detailed findings and conclusions that movant's pro se allegations were understandable and that the court carefully considered them. Therefore, movant suffered no prejudice from his appointed counsel's failure to amend his pro se allegations.

The motion court did not err in refusing to conduct an evidentiary hearing.

Judgment affirmed.

CRIST, P.J., and DOWD, J., concur.