**Larry Dale WINTJEN, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 15660.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 27, 1988.

Gary M. Wilson, Asst. Public Defender, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

A jury found movant guilty of assault with the intent to kill. He was sentenced to imprisonment for 50 years. His conviction and sentence were affirmed on appeal. *State v. Wintjen*, 522 S.W.2d 628 (Mo.App. 1975). His sentence was pronounced prior to January 1, 1988. His motion seeking post-conviction relief under Rule 27.26 was pending January 1, 1988. The disposition of his motion is to be governed by the provisions of Rule 27.26 in effect on the date the motion was filed. Rule 29.15. His motion under Rule 27.26 was denied without an evidentiary hearing. Movant appeals.

The movant's sole point on appeal is that the motion court erred "when it summarily denied movant's pro se motion for post conviction relief without affording movant's appointed counsel a reasonable amount of time to amend said motion...." The disposition of this point does not require a recitation or summarization of the grounds for post-conviction relief alleged in movant's 27.26 motion. It is sufficient to outline the procedure that resulted in the denial of that motion.

The motion was filed on December 17, 1987. Counsel for movant was appointed on that day and the case was set for hearing on January 8, 1988, to determine the necessity of an evidentiary hearing. On December 21, 1987, the state filed its motion to dismiss the 27.26 motion because movant failed to plead facts which would entitle movant to relief. On December 22, 1987, movant filed a motion for a continuance. The motion has not been made a part of the legal file.

The 27.26 motion was heard on the day it was set, January 8, 1988. Counsel for the

movant and an assistant prosecuting attorney were present. They participated in the hearing to determine if an evidentiary hearing was required. The minutes of the hearing read as follows: "Taken under advisement. State requested to prepare suggested order sustaining motion to dismiss for execution within 30 days."

On February 26, 1988, the motion court entered its Findings of Fact, Conclusions of Law and Judgment denying the 27.26 motion. In that entry, the motion court meticulously stated each ground for relief that could be distilled from movant's pro se motion and supporting argument. The motion court then expressly determined the reason that each ground did not state a basis for relief under Rule 27.26. In conclusion, the judgment provides "the Court finds against Movant on the merits of his motion and overrules same."

Following *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978), now repealed Rule 27.26 was amended. The relevant portion of that amended rule provided:

Counsel shall be given a reasonable time to confer with the prisoner and to amend the motions filed hereunder if desired. Counsel shall have the duty to ascertain from the prisoner the facts supporting the grounds asserted in the motion and if those facts are not sufficiently stated in the motion, counsel shall file an amended motion. Counsel also shall ascertain from the prisoner whether he has included all grounds known to him as a basis for attacking the judgment and sentence and, if not, shall file an amended motion which also sufficiently alleges any additional grounds and the facts in support thereof.

Repealed Rule 27.26(h). Under the amended rule, the motion court could not properly dismiss a pro se 27.26 motion which imperfectly alleged grounds for relief because the motion had not been amended to "state factually in lawyerlike fashion the basis for all claims for relief...." *Fields v. State,* supra, at 483. See *Pool v. State*, 634 S.W. 2d 564 (Mo.App.1982). However, there is a distinction between a dismissal for such a reason and an adverse determination upon the merits of the motion for the reason that it did not state grounds requiring an evidentiary hearing. *Patrick v. State*, 698 S.W.2d 18 (Mo.App.1985).

Of course, "[n]otice and an opportunity to be heard on a 27.26 motion should be given whether the trial court is considering dismissing, overruling or otherwise denying the motion. That was done here." *Duggar v. State*, 697 S.W.2d 309, 310 (Mo. App.1985). Also see *Riley v. State*, 680 S.W.2d 956 (Mo.App.1984); *Remington v. State*, 654 S.W.2d 280 (Mo.App.1983); *Dawson v. State*, 640 S.W.2d 165 (Mo.App. 1982). Where counsel was given notice and an opportunity to be heard it was not error for a motion court to determine that a pro se motion did not state grounds for relief. *Lowery v. State*, 738 S.W.2d 573 (Mo.App. 1987); *Duggar v. State*, supra. Cf. *Young v. State*, 724 S.W.2d 326 (Mo.App.1987).

In this case the court did not dismiss the pro se 27.26 motion because it did not comply in form with Rule 27.26. Nor did it find it could not consider the grounds alleged because it had not been amended. The pro se motion succinctly stated eight grounds for relief. It then supported those grounds with 24 pages of argument and citation of authorities. As noted, in its judgment the motion court articulated each of those grounds and painstakingly determined why each of them did not provide a basis for relief under Rule 27.26. The movant does not contend the determination of the motion court was in error.

The movant supports his sole point by the following sentence in his statement of facts: "On January 8, 1988, the Hearing Court sustained the State's Motion to Dismiss Without an Evidentiary Hearing without granting movant's counsel leave to amend movant's motion." The record does not support this statement. At no time did the movant seek to file an amended motion. He does not now suggest any additional ground for relief that he would have stated had an amended motion been filed. See *Patrick v. State, supra.* The motion court did not dismiss the pro se 27.26 motion. It heard that motion on its merits and deter-

mined that it did not require an evidentiary hearing.

The only suggestion of a complaint concerning inadequate time to file an amended motion was a motion for a continuance. This motion was filed five days after counsel was appointed. As stated, the motion is not before this court. The record does not reveal the basis alleged for the continuance. See Rule 65.03. Nor does it show if the motion for continuance was served upon opposing counsel and if notice was given as required by the applicable rule. Rule 44.01(d).

The file and transcript of the underlying criminal trial were available to counsel. The judgment of the motion court was entered 71 days after counsel was appointed. Movant's motion for continuance was not presented to the motion court. It apparently was abandoned. See 56 Am.Jur.2d Motions, Rules and Orders § 22 (1971). Without objection, movant's counsel participated in the hearing upon the merits of the pro se 27.26 motion. "We may conclude that the facts would not support an amended motion only when the record demonstrates the active participation of appointed counsel and no amended motion is filed." *Hirsch v. State*, 698 S.W.2d 604, 605 (Mo.App. 1985). Movant's counsel actively participated.

The record does not support movant's sole point on appeal. That point is not established by argument in his brief. The motion court did not err in entering judgment denying the 27.26 motion. That judgment is affirmed.

FLANIGAN, P.J., and HOGAN and PREWITT, JJ., concur.