Zachary **DINKINS**, Movant–Appellant,

v.

**STATE** of Missouri, Respondent–Respondent.

No. 55162.

Missouri Court of Appeals, Eastern District, Division One.

March 7, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 3, 1989.

Holly G. Simons, Asst. Public Defender, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant pled guilty to capital murder and the trial court sentenced him to life imprisonment without possibility of probation or parole for 50 years. The plea was entered after four days of voir dire. At the plea hearing, the state recited the following evidence: In August 1981 police responded to a reported disturbance at a residence on Union in St. Louis City; the police found movant inside, and movant told them he had been attacked with a knife by a man who escaped out the back door of the house; movant claimed he was able to ward off the attack; the police found the victim on the floor of an adjacent room; she was dead as a result of numerous (36) stab wounds; blood was found on movant's pants and on a pair of swim trunks he was wearing as underwear; he had been cut on his chin and his chest appeared to be scratched; the victim's clothes were piled in a corner of a rear bedroom, and blood matching the movant's was found on them; bite impressions on the victim's body matched movant's teeth; the autopsy revealed that the victim's vagina had been penetrated, but that no semen was present; two knives were found next to the victim's body, and the autopsy revealed that the stab wounds on the right side of the victim's body were inflicted some time after those on the left side. No blood was found in the rear of the house nor on the fence which movant claimed his assailant jumped over.

Movant admitted that these facts were basically correct. He stated he pled guilty to avoid the death penalty. In movant's Rule 27.26 motion he alleged, among other things, ineffective assistance of counsel. Counsel was appointed, and after an evidentiary hearing, the court denied the motion finding trial counsel effectively investigated movant's possible defense of mental disease or defect and concluded no such defense was warranted; the court also found movant's guilty plea was not coerced by counsel, nor was it the result of mental disease.

No appeal was taken. However, upon the filing of a second Rule 27.26 motion, the motion court, under *Flowers v. State,* 618 S.W.2d 655 (Mo. banc 1981), vacated and reinstated the order denying movant's first Rule 27.26 motion, thereby allowing movant to prosecute this appeal.

On appeal movant does not attempt to show how the findings and conclusions denying his original motion are clearly erroneous. Rather he contends his original Rule 27.26 counsel "fail[ed] to perform the duties imposed by Rule 27.26(h) in that counsel failed to consult with movant, failed to file an amended motion, and failed to obtain testimony in support of [movant's] motion."

Generally, there is no right to challenge the assistance of Rule 27.26 counsel on direct appeal of a Rule 27.26 motion. *Usher v. State,* 741 S.W.2d 677, 678 (Mo.App. 1988), *Lowery v. State,* 738 S.W.2d 573, 575 (Mo.App.1987). In any event, our review of the entire record gives us no reason to question the effectiveness of movant's original Rule 27.26 counsel. Furthermore, the record clearly supports the original motion court's findings.

JUDGMENT AFFIRMED.

CRANDALL, P.J., and CRIST, J., concur.