**Michael Edward TERRY, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 56821.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 20, 1990.

Ilene A. Goodman, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his *pro se* Rule 27.26 motion without an evidentiary hearing claiming his lawyer was not given notice by the motion court as to when the motion was to be ruled upon. We reverse and remand.

This is the second time movant and his Rule 27.26 motion have been before this court. The following is a list of dates and actions relevant to this appeal.

12–28–87—Movant files his *pro se* Rule 27.26 motion.

6–24–88—State's Motion to Dismiss without an evidentiary hearing filed.

9–1–88—State's Motion to Dismiss granted without findings of fact or conclusions of law. Movant was given no notice of the motion court's intent to rule on the State's Motion to Dismiss.

Movant then appealed.

2–28–89—State files "Motion for Limited Remand for Entry of Findings of Fact and Conclusions of Law and to Give Appellant (movant) Notice that His Motion Will be Ruled Upon." Therein they conceded movant was entitled to findings of fact and conclusions of law on this Rule 27.26 motion and notice before the trial court ruled on the State's Motion to Dismiss.

3–17–89—State's Motion for Reversal and Remand filed. Therein the State confessed both of movant's claims had merit; that he was entitled to findings of fact and conclusions of law and notice.

3–22–89—Order by this court reversing and remanding the case.

3–28–89—Mandate of this court filed enforcing its 3–22–89 Order.

4–28–89—Motion court grants State's Motion to Dismiss movant's Rule 27.26 motion without an evidentiary hearing. Findings of fact and conclusions of law were issued; however, movant was not

given notice of the motion court's intention to rule on the State's Motion to Dismiss.

Movant now appeals the motion court's failure to give him notice.

Respondent claims movant had sufficient notice that the motion court intended to rule on the State's Motion to Dismiss and sufficient time to file an amended motion. They argue the very fact this court reversed and remanded the case in March 1989 should have served as notice that the motion court intended to rule on the matter.

This court has previously held that a "[m]ovant ... must receive notice of and an opportunity to be heard on the Rule 27.26 court's intention to rule on the Rule 27.26 motion." *Lowery v. State*, 738 S.W.2d 573, 575 [2] (Mo.App.1987); *Mills v. State*, 723 S.W.2d 71 (Mo.App.1986). The first reverse and remand order and mandate in this case was not for the limited purpose of entering findings of fact and conclusions of law. It was a general remandment without instructions. On remand, the State's motion should have been treated as if it had never been ruled upon before. The general rule requiring notice in *Lowery* and *Mills* applied. Therefore, movant should have received notice before the motion court considered the State's motion to dismiss. He did not. The decision of the motion court must be reversed and remanded.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.