**Lonnie ERBY, Movant,**

v.

**STATE of Missouri, Respondent.**

No. 58003.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 16, 1990.

Michael L. Lyons, Asst. Public Defender, St. Louis, for movant.

William L. Webster, Atty. Gen., Christine A. Alsop, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Movant appeals denial of post-conviction relief without an evidentiary hearing. Facts regarding movant's trial and sentencing are found in *State v. Erby*, 735 S.W.2d 148 (Mo.App.1987).

Movant filed a pro se Rule 27.26 motion on December 22, 1987, before the repeal of this rule. On March 4, 1988, motion court appointed counsel to represent movant. On November 29, 1989, the court notified counsel it intended to rule on movant's pro se motion on December 8, 1989. Counsel requested and was granted an extension of time to file an amended motion. On January 4, 1990, counsel filed an amended motion which incorporated the pro se motion by reference. On January 16, 1990, without notifying counsel, the court denied both the pro se and amended motions. The court dismissed many of movant's allegations of ineffective assistance of counsel because movant pled conclusions not facts. Hence, movant's motion was not determined entirely upon its merits. *See Mills v. State*, 723 S.W.2d 71 (Mo.App.1986).

On appeal movant claims the motion court erred in denying his request for an evidentiary hearing and ruling without notifying counsel of its intention to rule on the amended motion. The issue presented is not novel and the law in Missouri is clear. We are bound to follow the precedent set forth in *Wheatley v. State*, 559 S.W.2d 526 (Mo. banc 1977). *See also Mills v. State*, 723 S.W.2d 71 (Mo.App.1986); *Walker v. State*, 698 S.W.2d 871 (Mo.App. 1985). When a 27.26 motion is not determined entirely upon its merits, motion court's lack of prior notice to counsel of the date of entry of judgment mandates reversal and remand. *Mills*, 723 S.W.2d at 71. Such is the case here. Accordingly, we must reverse and remand.

PUDLOWSKI, P.J., and GRIMM, J., concur.