**STATE of Missouri, Respondent,**

v.

**Waunita GREEN, Appellant.**

**No. WD 36743.**

Missouri Court of Appeals,
Western District.

April 1, 1986.

Sean D. O'Brien, Anne Hall, Kansas City, for appellant.

William L. Webster, Stephen D. Hawke, Jefferson City, for respondent.

Before CLARK, C.J., Presiding, and KENNEDY and LOWENSTEIN, JJ.

KENNEDY, Judge.

Defendant was convicted upon jury trial of attempting by fraud to obtain Valium or Diazepam, a Schedule IV controlled substance, § 195.250, RSMo 1978, and was sentenced to three years' imprisonment. A caller identifying herself as "Sharon" from "Dr. Collins' office" telephoned in to the Hyde Park Pharmacy in Kansas City a prescription for Valium for one Carol Fouts. The caller gave the pharmacist a DEA number (a number assigned to physicians by the Federal Drug Enforcement Administration) which the pharmacist learned was an invalid number. The only Dr. Collins whose name the pharmacist could locate in the telephone book knew nothing about any Sharon or about the prescription. The pharmacist conferred with the police and in pursuance of their

advice pretended to treat the called-in prescription as authentic. The pharmacy received three phone calls inquiring whether the prescription was ready and asking the price thereof.

When the appellant showed up at the drugstore and attempted to pick up the Carol Fouts prescription and pay for it, she was arrested by a store guard. She attempted to escape on foot but ran into a pole and was captured.

She claimed, and testified on the trial, that she was picking up the prescription for a woman who was a stranger to her whom she had encountered in a grocery store near the drugstore.

■ Appellant says the state failed to prove the falsity of the prescription and failed also to prove her knowledge of the falsity, and that the state therefore failed to make a submissible case under § 195.-250, supra.

Both elements, though, were sufficiently proved by circumstantial evidence. It was proved by an employee of the Federal Drug Enforcement Agency that the DEA number given by the caller was not a valid number, and that no doctor named Collins had the number. The fact that the caller who phoned in the prescription spoke with a slurred accent, and that a baby could be heard in the background (circumstances which first aroused the pharmacist's suspicions), the repeated calls about the prescription's readiness and its price, defendant's attempt to pick up and pay for the prescription, and her flight to avoid arrest, all combined to show inferentially that the prescription was false and known by defendant to be false. The state made a submissible case and the court was not in error in overruling the motion for directed verdict.

■ Defendant's next point on appeal is that the court erred in allowing the prosecutor to elicit amplification of defendant's admissions of prior convictions. The attorney general says the defendant's attorney's objections were inadequate to preserve the error for review, but we will review as for plain error. Supreme Court Rule 30.20. A witness, including a defendant testifying for himself, is subject to impeachment by prior convictions of crime, § 491.050, RSMo Supp. 1984. Defendant on direct examination testified that she had been convicted of attempted armed robbery in 1979 and that her sentence was five years' probation and a five-year sentence. She admitted also that she had been convicted of escape from confinement.

The prosecutor then upon cross-examination asked the following questions and elicited the following answers:

Q. Ms. Green, will you tell the jury again how many felonies you have been convicted of?

A. How many felonies?

Q. Yes?

A. Two.

Q. Okay. That was the armed robbery back in 1979?

A. Attempted robbery. I didn't have the weapon, my husband had the weapon

Q. You were with him?

A. Yes, I was.

Q. In on that one, too, huh? Okay, and that was back in 1979?

A. Yes.

Q. You got five years probation and a five year sentence, right?

A. Yes.

Q. And around about 1982 they revoked your probation, is that right?

Defense counsel objected to the prosecutor's questions as beyond what he was allowed to ask her. The Court overruled the objection. The prosecutor proceeded:

Q. Sent you down to the penitentiary for five years?

A. Yes.

Q. That was in 1982?

A. Yes.

Q. And you did about a year and a half of that, right?

A. Yes.

Q. And you got out of the penitentiary shortly before this occurred, right?

A. Shortly before what occurred?

Q. Shortly before you were arrested in March on this—

A. No, I had been out of the penitentiary over a year.

Q. Over a year?

A. Yes.

With respect to the escape conviction, the cross-examination proceeded as follows:

Q. Okay, and do you have an escape conviction; what county is that out of?

A. Jackson County.

Q. Okay, I don't understand; was that an escape from the penitentiary or an escape from the county jail?

A. Escape from the county courthouse.

Q. And you pled guilty to that?

A. Did I plead guilty?

Q. Yes.

A. No, I did not.

Q. You were found guilty of that?

A. Huh?

Q. You were found guilty of escape, then?

A. Was I found guilty?

Q. You have an escape conviction, right?

A. Yes.

*State v. Newman,* 568 S.W.2d 276 (Mo. App.1978), deals with cross-examination strikingly similar to that to which the defendant was subjected in this case. Some of the language of *Newman,* at 281–82, may be aptly quoted:

The prosecution is entitled to show only "the nature and number" of prior convictions, and is not entitled to engage in cross-examination of the defendant with respect to details of the prior crimes. (Citation omitted.) In particular as it affects this case, the prosecutor may not cross-examine with respect to the length of time the defendant was imprisoned, after that period of imprisonment has been fully served and concluded. (Citations omitted.)

. . . .

The error in permitting the relatively simple questions as to how much time he had served in prison was compounded by the further questions put to him to elicit the facts pertaining to his breach of parole and his use of drugs as well as excessive consumption of alcohol during his period of parole. This latter cross-examination could not help but be devastating in the eyes of the jury. It further aggravated the poisonous effect of the improper elaboration upon the prior convictions, the general prejudicial effect of which was pointed out in State v. Mobley, 369 S.W.2d 576 (Mo.1963) and quoted with approval in State v. Scott [459 S.W.2d 321 (Mo.1970)]:

All lawyers and judges know that a jury's knowledge of prior convictions is, in itself, a most damning thing in the trial of a criminal case. When used for legitimate purposes, the defendant must take his chances on this. But prosecutors should not seize upon such an opportunity to further prejudice the defendant by undue repetition and insinuations, or to convey the idea of guilt by reason of the prior offenses.

*State v. Newman,* 568 S.W.2d 276, requires a reversal of this conviction. *See also State v. Sanders,* 634 S.W.2d 525 (Mo. App.1982).

Other trial incidents which are alleged to constitute error are not likely to occur upon another trial.

The judgment is reversed and the case is remanded for a new trial.

All concur.