**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Patrick WICKS, Defendant–Appellant.**

**Patrick WICKS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 53833, 56267.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 12, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 17, 1990.

Application to Transfer Denied
March 13, 1990.

John A. Klosterman, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

PUDLOWSKI, Presiding Judge.

This is a combined direct appeal and Rule 29.15 appeal after a conviction of forcible

sodomy, Section 566.060, RSMo 1986. Defendant Patrick Robert Wicks was sentenced as a prior offender to thirteen years imprisonment. We affirm.

On November 13, 1986, the victim, attended a quantity food preparation class at Forest Park Community College. Victim planned on meeting a friend at the zoo in Forest Park after class. He walked across Highway 40, carrying a cutlery kit that included several knives. As he walked through the park a car stopped and asked victim if he needed a ride. He accepted the ride, believing it was his friend Scott from school. After he got in he realized that the driver was not Scott, but rather a man wearing makeup. Victim told driver he was on his way to meet someone at the zoo. When they reached the zoo the driver did not stop but instead went south on Hampton. Victim did not have a chance to get out of the car. There was a problem with the passenger's door of the car sticking. Victim did not feel threatened at this point.

The driver, later identified as Buffy, drove to an apartment on Manchester. Victim asked if he could use the phone. He carried the knives inside with him. Once inside, the phone rang. Two individuals came into the apartment. One of them was the defendant. Buffy told victim to do what the two men said or Buffy and victim would be killed. Defendant and the other man began yelling at victim. Defendant carried a hammer and hit victim in the face with his hand, knocking off his eyeglasses and threatening him with the hammer. The defendant ordered him to remove his coat, shoes and socks. The two men then found the knife set. Defendant then took a knife and instructed victim to remove the rest of his clothes. Defendant then put the knife to victim's throat. Victim then laid face down on the bed and was anally sodomized. Victim was then forced to perform oral sex on the defendant.

Victim was allowed to dress and then was physically kicked out of the apartment. Defendant kept victim's coat. Victim memorized the license plate number of the car and went to call the police. Officer Stephens responded to the call. Victim told Stephens, "I have been raped."

Stephens then drove victim to the apartment where the incident occurred. When they arrived, the three men in the apartment were leaving in a car. The victim was able to identify them so Officer Stephens pulled the car over. The three were arrested and the victim was taken to a hospital. Upon examination, a four inch abrasion was found on his right buttock and sperm was found in his anus. Officer Stephens conducted a search of the apartment and found several items that belonged to victim.

Defendant took the stand in his own defense at trial. He claimed that the victim used a knife to force him to perform oral sex on the victim. Defendant admitted being bisexual.

Defendant raises three points on appeal. The first point asserts that the trial court erred in denying his motion for judgment of acquittal at the close of the evidence, motion for new trial, and entering judgment of guilty on Count I because the state failed to prove beyond a reasonable doubt each and every element of the offenses charged. The second charges the trial court erred in sustaining the state's objections to the defendant using Officer Stephens' police report to point out alleged inconsistencies. Finally, he alleges the motion court clearly erred in dismissing defendant's postconviction motion to vacate, set aside, or correct judgment and sentence pursuant to Missouri Supreme Court Rule 29.15 without an evidentiary hearing.

The first point defendant raises on appeal asserts trial court error in denying his motion for judgment at the close of the evidence, motion for new trial, and entering judgment of guilty on Count I sodomy, RSMo Section 566.060 because the state failed to prove beyond a reasonable doubt each and every element of the offenses charged. Defendant believes his right to due process of law was violated by the trial court in commission of the alleged error.

In determining the sufficiency of the evidence, we must consider the evidence and all inferences that tend to sup-

port the verdict and reject all evidence and inferences to the contrary. *State v. Brown,* 660 S.W.2d 694, 698 (Mo. banc 1983). The victim of a sodomy may provide through his testimony alone sufficient evidence to sustain a conviction. *State v. Bagby,* 734 S.W.2d 518, 520 (Mo.App.1987). Defendant contends that the victim's testimony alone is not sufficient to convict because it is contradictory and inconsistent with physical facts, common sense and the circumstances surrounding these events. He cites authority based on the Missouri Supreme Court's opinion in *State v. Gregory,* 339 Mo. 133, 96 S.W.2d 47 (Mo.1936). That authority involves direct contradictions. In *Gregory,* the uncorroborated testimony of a witness was completely contradicted by earlier statements. *Id.* 96 S.W.2d at 48. We find no contradiction of that sort in this case. As long as a sodomy victim's testimony is not so contradictory or unconvincing so as to leave the court clouded with doubts, no corroborating testimony is needed. *State v. Burch,* 740 S.W.2d 293, 297 (Mo.App.1987). Inconsistencies in a victim's story related to nonessential details do not destroy the submissibility of the case. *Id.*

In the case at bar the victim testified at trial that he was hit in the face by appellant's fist, threatened with a hammer, told to take off his clothes, and forced to perform oral sex on defendant while a knife was held to his throat and back. The victim told Officer Stephens defendant had struck him twice, he submitted because he was afraid he would be beaten, and knives were used as a weapon against him to facilitate the sodomy. We do not find that these inconsistencies render victim's testimony improbable and unconvincing. *See State v. Sipes,* 651 S.W.2d 659, 660 (Mo. App.1983). Point denied.

■ The second point defendant raises on appeal contends that the trial court erred in sustaining the state's objections when defense counsel attempted to question Officer Stephens about conflicts between the officer's trial testimony, the victim's testimony, and the officer's police report containing statements by the victim.

Defendant contends error by trial court's prevention of the impeachment of Officer Stephens and the victim with a police report. Defendant, however, has failed to preserve this issue for appeal. "A transcript on appeal must contain all of the records and proceedings necessary to a determination of the questions presented for decision, and where such items are absent there is nothing for the appellate court to decide." *State v. Holland,* 653 S.W.2d 670, 678 (Mo. banc 1983), *citing State v. Hamilton,* 612 S.W.2d 141, 143–144 (Mo.App. 1980). Bare allegations unsupported by the record or exhibits are not to be considered on appeal. *State v. Morris,* 680 S.W.2d 315, 321 (Mo.App.1984). Appellate review is limited to the record made in the trial court. *State v. Terry,* 676 S.W.2d 44, 46 (Mo.App.1984).

Officer Stephens' police report was never offered into evidence. Nor was its contents read into the record via an offer of proof by defendant. Therefore the actual contents of the police report are unknown and its absence leaves nothing for this court to decide. *Holland, supra.* Point denied.

■ The third point defendant raises on appeal contends that the motion court was clearly erroneous in denying his Rule 29.15 motion because his motion counsel was ineffective in failing to amend his *pro se* 29.15 motion and not requesting an evidentiary hearing.

This court has held previously that such claims are not cognizable on appeal. *State v. Kittrell,* 779 S.W.2d 652, 655–56. Furthermore, the mere fact that the Rule 29.15 motion was not amended does not automatically entitle appellant to relief. *Guyton v. State,* 752 S.W.2d 390, 392 (Mo.App.1988). Amendments are only required if they are necessary. *Eggers v. State,* 734 S.W.2d 300, 303 (Mo.App.1987). We find no showing in the case at bar that defendant's Rule 29.15 motion was "an incomprehensible, inarticulate and inartful expression of frustrations," or that it was not "a clear and precise expression of a fundamental right to review." *Eggers v. State,* 734 S.W.2d 300, 303 (Mo.App.1987). We also find that

counsel filed a motion for an extension of time and appeared on defendant's behalf at the hearing on the motion to dismiss. Counsel's not amending the motion does not constitute a "complete failure to supply legal assistance" but rather a conscious choice not to amend. *See State v. Perez,* 768 S.W.2d 224, 228 (Mo.App.1989). We find no due process violation.

The judgment of the trial court is affirmed.

CRANDALL and KAROHL, JJ., concur.