STATE of Missouri, Respondent,

v.

Clayton BLACKBURN, Appellant.

Clayton BLACKBURN, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 55514, 56661.

Missouri Court of Appeals,
Eastern District,
Division One.

March 27, 1990.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
April 25, 1990.

Application to Transfer Denied
June 19, 1990.

David C. Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

In this consolidated appeal, appellant, Clayton Blackburn, appeals his jury conviction for robbery in the first degree, R.S.Mo. § 569.020 (1986), for which he was sentenced as a persistent offender pursuant to R.S.Mo. § 558.016 (1986), to fifteen years imprisonment. Appellant also appeals the denial of his Rule 29.15 motion after an evidentiary hearing. We affirm.

The evidence adduced at trial revealed that at approximately 8:05 p.m. on the night of October 24, 1987, Kendreth Ray, an off-duty deputy sheriff for St. Louis City, went to the Landmark Bank in Wellston to withdraw thirty dollars from an automatic teller. After taking the thirty dollars from the machine and putting his ATM card back into his wallet, Deputy Ray was approached by a man wearing a stock-ing mask holding what appeared to be a gun. The man told Deputy Ray to give him what he had and Deputy Ray did. The man then told Deputy Ray that if he followed him he would shoot. As the man turned to run, Deputy Ray identified himself as a law enforcement officer. Deputy Ray then pursued the man. After running a short distance, the man turned with his arm extended as if to shoot and Deputy Ray took cover against the side of a building. Deputy Ray fired five shots at the man, hitting him once in the hip. Deputy Ray approached the man, who was now rolling around on the ground and removing the stocking mask, advised him of his rights, and placed him under arrest. Deputy Ray's wallet, the automatic teller bank receipt, the stocking mask and a starter's pistol were all found near the man's head. Appellant was charged with robbery in the first degree and on August 2, 1988, was convicted by jury.

On January 3, 1989, appellant filed a timely *pro se* 29.15 motion. No amended motion was filed by appellant's counsel. The motion court denied appellant's Rule 29.15 motion after an evidentiary hearing and this appeal followed.

Appellant first claims that the trial court erred in "failing to correct the prosecutor's [closing] argument of appellant's prior convictions as proof of his guilt in addition to showing lack of credibility." This court notes that appellant's trial counsel failed to object to the prosecutor's argument and that this issue was, therefore, not preserved for appeal. *State v. Bailey,* 714 S.W.2d 590, 593 (Mo.App., E.D.1986). Appellant, thus requests this court review his claim for plain error.

"A court should rarely grant relief on assertions of plain error as to closing argument ... because, in the absence of objection and request for relief, the trial court's options are narrowed to uninvited interference with summation and a corresponding increase of error by such interference." *State v. Clemmons,* 753 S.W.2d 901, 907–08 (Mo. banc 1988), cert. denied —— U.S. ——, 109 S.Ct. 380, 102 L.Ed.2d 369 (1988).

During closing argument, the prosecutor stated:

(1) You have two stories about what happened. You have what Kendreth Ray, a law enforcement officer told you what happened, and you have the story that a man who has pleaded guilty to 4 felonies told you. I think it's clear who is telling the truth that the police officer is obviously telling you what happened. . . .

(2) Who do you believe? And this is what it comes down to. Do you believe the burglar and thief or do you believe the police officer? The question answers itself. . . .

(3) And he sat there and he listened to my evidence. And Miss O'Keefe told you on voir dire he didn't have to say a word. They didn't have to do anything. But what would you have decided? You wouldn't take 2 minutes on your verdict if he had sat there. . . .

(4) If he had sat there and said nothing, wouldn't be any time at all. So what does he do? He gets up and first thing he does is he admits that he's been a burglar and a thief and a burglar and a thief. But despite that to try to save his skin he tells you that lie.

■ Since appellant testified at trial, appellant's counsel conceded that the State may legitimately comment on the appellant's prior convictions as they may affect his credibility. R.S.Mo. § 491.050 (1986); *State v. Green*, 707 S.W.2d 481, 482 (Mo.App., W.D.1986). He claims, however, that the State went too far and used appellant's prior convictions as proof of his guilt. This would clearly be improper. *State v. Mobley*, 369 S.W.2d 576, 580 (Mo.1963). This court does not find error, plain or otherwise, in the State's argument, however.

It is clear that the arguments presented in (1) and (2) refer to the appellant's credibility and go no further. The statements made in (3) and (4), while they should not be encouraged, also do not truly comment further on the convictions than permissible. In addition, the latter two statements may have been made in rebuttal of statements made by the appellants' attorney in closing argument. It is a rule that even where a prosecutor's argument might otherwise be improper, it is permissible if necessary, to retaliate in regard to an issue raised by an accused's argument. *State v. Allen*, 710 S.W.2d 912, 917 (Mo.App., W.D.1986). Appellant's counsel has failed to provide this court with a complete transcript of his closing argument, thus, this court has nothing to review. *State v. Biggs*, 713 S.W.2d 618, 621 (Mo.App., W.D.1986). Point denied.

■ Appellant next claims that the motion court erred in denying his 29.15 motion after an evidentiary hearing in that it failed to insure that his motion counsel filed an amended motion. This court has held on several occasions that such claims are not cognizable on appeal. *State v. Wicks*, 784 S.W.2d 223, 225 (Mo.App., E.D. 1989); *State v. Kittrell*, 779 S.W.2d 652, 656 (Mo.App., E.D.1989). This court further notes that the failure to file an amended motion is not *per se* grounds for reversal. *Guyton v. State*, 752 S.W.2d 390, 392 (Mo.App., E.D.1988). An amended motion is only required if necessary. *State v. Perez*, 768 S.W.2d 224, 228 (Mo.App., E.D. 1989). We have reviewed appellant's 29.15 motion and find that it was far from "an incomprehensible, inarticulate and inartful expression of frustrations" or that it failed to present "a clear and precise expression of a fundamental right to review." *Eggers v. State*, 734 S.W.2d 300, 303 (Mo.App., E.D.1987). We also note that counsel appeared on appellant's behalf at the evidentiary hearing. The mere failure of counsel to file an amended motion did not, therefore, demonstrate "a complete failure to supply legal assistance" but rather a conscious choice not to amend. *State v. Wicks*, 784 S.W.2d 223, 225 (Mo.App., E.D. 1989). We find no error. The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.