STATE of Missouri, Respondent,

v.

Lawrence TARKINGTON, Appellant.

No. 57199.

Missouri Court of Appeals, Eastern District, Division One.

Aug. 7, 1990.

Henry B. Robertson, St. Louis, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Lawrence Tarkington, appeals from his jury conviction of driving while intoxicated for which the court sentenced him as a persistent offender to five years imprisonment. We affirm.

Appellant was a construction worker in St. Charles who, along with a close friend, Glen Eddings, decided to drink beer and play cards after work on June 3, 1986. After appellant and Mr. Eddings had put away approximately a case and a half of beer, appellant proceeded to drive home. When appellant reached the corner of St. Peters Road and Central School Road in St. Charles, Missouri, appellant decided to pull into the local Majik Market. According to Detective Joel Fann, who was at the Majik Market at the time and observed appellant's entrance, appellant failed to signal prior to turning into the lot, entered at a high rate of speed and squealed his tires as he pulled in. Appellant then slammed the door to his truck shut and was cursing loudly as he walked to the entrance of the store.

Detective Fann approached appellant and asked to see his identification. Detective Fann stated that appellant swayed as he walked, had slurred speech and smelled of alcohol. Appellant handed the Detective his invalid driver's license and Detective Fann ran a routine check on appellant's name which uncovered an outstanding Illinois felony warrant. Detective Fann called for a backup officer and attempted to place

appellant under arrest. The Detective testified that appellant threatened him physically and threatened his family.

Detective Fann handcuffed appellant and placed him on the trunk of his police car while he went to unlock the door. Appellant then charged toward the Detective, attempting (unsuccessfully) to head-butt him and both men fell to the ground. When the requested backup help arrived, Detective Fann and Officer Julia Dapron assisted appellant into the police car. Because of appellant's belligerence, no field sobriety tests were administered.

Appellant was taken to the hospital for treatment for a facial cut which he suffered during the scuffle. While at the hospital, appellant consented to a blood test which revealed that appellant had a blood alcohol level of .219 percent.

Based on the foregoing, appellant was convicted of driving while intoxicated. On appeal, he alleges that two statements of the prosecution were plain error and warrant reversal. We do not agree.

■ These two statements occurred during voir dire and closing arguments, however, appellant's trial counsel did not object to either statement nor did appellant file a motion for new trial. Therefore, we can only review these claims under plain error. The act complained of, to constitute plain error, must "impact so substantially upon the rights of [a] defendant that manifest injustice or a miscarriage of justice will result." *State v. Driscoll*, 711 S.W.2d 512, 515 (Mo. banc 1986) *cert. denied*, 479 U.S. 922, 107 S.Ct. 329, 93 L.Ed.2d 301 (1986). The burden of proving this is on the defendant. *State v. Groves*, 646 S.W.2d 82, 83 (Mo. banc 1983). We will examine each statement separately.

During voir dire, the prosecutor engaged the venire in the following colloquy:

There will be evidence introduced in this case that the defendant was belligerent and somewhat violent, when the Sheriff's deputy tried to arrest him, and, that, therefore, the deputy was unable to get the defendant to do his field sobriety tests, such as the hand-to-nose test ...

Another test that they normally make them perform would be a heel-to-toe, and, then, walk so many steps forward; so many steps backward. Another test that they sometimes do is, they throw coins on the ground and they ask them to pick them up.... and these are all coordination tests....

These tests, in this case, were not able to be performed, because of the fact of the defendant's belligerence and his violence at the time of his arrest. Would any of you have a difficult time convicting the defendant of DWI based on the fact that none of these tests were able to be performed? No one?

.    .    .    .    .

I'm not asking you to do anything for the court and State if I haven't proved my case, but if I prove my case, would you all be able to vote and find the defendant guilty?

■ No objection was lodged by the appellant nor did the court interrupt the prosecution sua sponte. However, we recognize the well established rule in Missouri that it is improper to question prospective jurors in a manner which causes them to speculate and commit themselves to a course of action based on certain contingencies which may subsequently occur or arise during trial. *State v. Reed*, 629 S.W.2d 424, 426–27 (Mo.App., W.D.1981); *State v. Neal*, 591 S.W.2d 178, 181 (Mo. App., E.D.1979). Such hypothetical questions based on the facts of the case are reversible error. *Neal*, 591 S.W.2d at 181.

■ Control of the voir dire examination is vested in the discretion of the trial court and we will differ or interfere with this discretion only when the record shows a manifest abuse of discretion and a real probability of injury to the complaining party. *Reed*, 629 S.W.2d at 426. The prosecution's statements clearly posited a hypothetical based on facts which were likely to arise during trial and which, indeed, did arise at trial. Ordinarily, such comments would most likely constitute reversible error. However, after examining the entire voir dire proceedings, it is evident that the prosecution mistakenly believed that their

case against appellant consisted primarily of circumstantial evidence[1] and that the hypothetical was designed (poorly) to make sure the venire would be able to convict based solely on circumstantial evidence. It is proper to ask the venire how they would evaluate circumstantial evidence. *Id.* at 427.

Moreover, not only did appellant wholly fail to object to this inquiry, the appellant, during his questioning of the panel, stated as follows:

The State told you that they're alleging that Mr. Tarkington failed to take the field sobriety tests because he was belligerent and violent. Now, that testimony is going to come from an officer. Mr. Tarkington will have some evidence that's going to refute that. Do you believe that the field sobriety tests are a necessity to find somebody guilty of driving while intoxicated?

Do you believe the State has to have some kind of evidence that some tests were performed in a field sobriety mode, which is the picking up the coins or walking the line or something like that, or do you believe that they can make their case without having any evidence like that presented?

Appellant's trial strategy was to depend on his assertion that he was not driving the truck and that Detective Fann unjustly assaulted him after the detective learned that he was wanted on an outstanding warrant. Therefore, we can only assume that appellant's counsel's acquiescence to the prosecutor's remarks and his own hypothetical question which was quite similar to the prosecution's was a considered strategic choice. We refuse to declare as reversible error statements by the prosecution which were subsequently restated and expanded upon by appellant. See *State v. Thursby,* 245 S.W.2d 859, 863–64 (Mo.1952). Appellant's complicity in the prosecution's queries in the present case mitigate against our finding plain error.

■ Appellant's second assertion of error is the following statement by the prosecution during closing argument:

Who has a motive to lie in this case? The Defendant does. He's charged with a felony driving while intoxicated here. *He's got four prior driving while intoxicateds. This is the kind of person that if you saw him coming down the road, you'd want to pull in and hide behind a tree,* because driving while intoxicated is a serious thing and we all know what can happen to people while they're driving while intoxicated. (emphasis added).

■ The appellant testified in his own behalf and, therefore, subjected himself to attack upon his credibility. *State v. Lloyd,* 750 S.W.2d 589, 593 (Mo.App., E.D.1988). The prosecution can only use prior offenses in order to attack credibility; they cannot use them to impugn appellant's character nor attempt to infer that appellant is now guilty of the crime charged based on his past offenses. *State v. Green,* 707 S.W.2d 481, 483 (Mo.App., E.D.1986); *State v. Blackburn,* 789 S.W.2d 126, 127, 128 (Mo. App., W.D.1990). Once again, appellant did not object to this statement.

If we analyze the statements in isolation, as appellant suggests, we would be presented with a difficult question. However, the statements were not made in a vacuum and we will not view them in that way.

The major portion of the prosecution's closing argument was devoted to attacking the credibility of appellant's story and pointing out that the appellant and his corroborating witness, Glenn Eddings, had a motive to lie. Indeed, a great deal of appellant's closing argument also focused on the credibility of the witnesses.

We do not intend to imply that the statements were justified or even proper *in isolation.* These comments should not be employed and they have been held to constitute an improper attempt to arouse juror hostility toward the defendant. *State v.*

---

1. Respondents, in their brief to this court, stated that their case consisted solely of circumstantial evidence. We cannot agree. The detective's observance of appellant's erratic driving, slurred speech, his odorous demeanor and the blood alcohol test certainly sound like direct evidence to this court.

*Long*, 684 S.W.2d 361, 365 (Mo.App., E.D. 1984).

Yet, when the prosecution's comments are examined within the context of the entire closing arguments, we do not find that they caused a manifest injustice to the appellant nor that they represented a miscarriage of justice.

Appellant's conviction and sentence are affirmed.

REINHARD and CRIST, JJ., concur.