STATE of Missouri, Respondent,

v.

Darryl KELLY, Appellant.

Nos. 57441, 57559.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 3, 1991.

---

Beverly E. Temple, Henry B. Robertson, Deborah B. Wafer, St. Louis, for appellant.

William L. Webster, Atty. Gen., Joseph P. Murray, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Darryl Kelly, appeals from his jury trial conviction in the Circuit Court of the City of St. Louis of one count of possession of cocaine, RSMo § 195.200.1(1) (1986), for which he was sentenced, as a prior offender, to seven years' imprisonment. We affirm.

In the early morning hours of November 24, 1988, St. Louis City Police Officers Kenneth Weger and John Gibson responded to a call concerning a domestic dispute in the 1300 block of St. Anges's Court in the City of St. Louis. As the officers approached the residence, they noticed that the front door of the residence was partially opened. The officers could plainly see appellant inside the home arguing with a woman.

According to Officer Weger, the woman motioned to the officers to enter the home. When the officers entered, the appellant walked outside. Officer Gibson followed appellant and detained him on the front porch of the residence. In response to Officer Gibson's request for identification, the appellant pulled some papers out of his blue jean pocket. As he did, a clear plastic bag fell to the ground. Inside the bag were seven smaller bags containing rock cocaine. Appellant was then placed under arrest.

On November 24, 1988, appellant was charged by complaint with possession of cocaine. An information was filed on February 3, 1989. On August 9, 1989, an amended information was filed alleging that appellant was a prior offender.

Trial was held on August 9 and 10, 1989. The jury returned its verdict late on the 10th. Appellant was sentenced on September 29, 1989, to seven years' imprisonment and this appeal followed.

■ Appellant's first claim on appeal is that the trial court erred in failing to sustain appellant's motion to strike a venireperson for cause because the venireperson indicated that she could not consider the possibility that a police officer might not tell the truth. We disagree.

During appellant's voir dire of the jury, appellant's trial counsel asked members of the venire if they could reject the testimony of some police officers:

Ms. Hicks, do you think that you could reject some police officers' testimony?
VENIREMAN HICKS: I don't know.
MS. TEMPLE: Can you consider the police officers lie from time to time?
VENIREMAN HICKS: Well, not having any contact with the police I just assume that they tell the truth.
MS. TEMPLE: But could you consider that police officers lie?
VENIREMAN HICKS: No.
MS. TEMPLE: Can you consider—did you always believe that police officers always tell the truth?
VENIREMAN HICKS: Well, personally I do, yes.

MS. TEMPLE: May we approach the bench for cause?

THE COURT: I am going to let him [the State] voir dire her before we get to that. Go ahead and make your statement.

MR. GRUMKE: Ms. Hicks, do you realize a police officer is a person like any other type of person?

VENIREMAN HICKS: Yes.

MR. GRUMKE: And you realize that people have the capability of telling the truth and people have the capability of lying?

VENIREMAN HICKS: Yes, I do, but not when they're on the witness stand under oath.

MR. GRUMKE: Would you be able to listen to their testimony from the witness stand and determine whether or not they are credible and telling the truth?

VENIREMAN HICKS: I think so, I think so.

MR. GRUMKE: Can you keep an open mind and wait until they testify to determine whether or not they are telling the truth?

VENIREMAN HICKS: Yes.

MR. GRUMKE: I have no further questions.

THE COURT: Young lady, do you understand that you must give everybody the same test for credibility, do you understand that? You want to give the police officers more credibility than another person?

VENIREPERSON HICKS: Not necessarily, no. I think that anyone who is on a witness stand they have sworn to tell the truth.

THE COURT: Listen to me, I hear what you're saying. Your response to one of the questions indicated that you were going to give more credibility to police officers. I am instructing you that everybody must be treated alike.

VENIREMAN HICKS: Yes.

THE COURT: Can you do that?

VENIREMAN HICKS: Yes.

THE COURT: Okay go ahead.

MS. TEMPLE: Assume that Darryl [the appellant] testifies, though he does not have to, he doesn't have to testify. Would you consider whether or not he's lying if he were to take the stand?

VENIREMAN HICKS: I would listen to his—to him testify and then weigh the evidence that I hear.

MS. TEMPLE: Would it be easier for you to reject his testimony because of his relation to the case as opposed to a police officer?

VENIREMAN HICKS: No, it wouldn't.

Appellant's counsel then went on to question the other members of the venire.

■ As an initial matter, we note that appellant never requested that the court excuse Venireperson Hicks for cause after the questioning of the venireperson was completed. If appellant had an objection to the retention of Venireperson Hicks, then it was appellant's duty to renew the challenge for cause and obtain a ruling from the trial court. By not doing so, appellant's trial counsel gives the impression that she was satisfied with Venireperson Hicks' answers and had no objection. Appellant's claim is therefore, not properly preserved for appeal. We will review the claim, however, for plain error.

■ To qualify as a juror, the venireperson must be able to enter upon that service with an open mind free from bias or prejudice. *State v. Treadway*, 809 S.W.2d 58, 62 (Mo.App., E.D.1991). Where an answer to a question suggests the possibility of bias and, upon further questioning, the venireperson gives unequivocal assurances of impartiality, the bare possibility of prejudice will not disqualify the venireperson or deprive the trial court of discretion to seat the venireperson. *Id.* It must clearly appear from the evidence that the challenged venireperson was in fact prejudiced. *Id.*

■ A trial court has broad discretion in determining the qualifications of prospective jurors and the reviewing court will not disturb the trial court's ruling on a challenge for cause absent a clear abuse of discretion and real possibility of injury to the complaining party. *Id.* Any doubt as to the trial court's ruling is resolved in the trial court's favor. *Id.*

In the present case, Venireperson Hicks initially indicated that she believed that policemen would not lie on the stand. She then indicated that she could keep an open mind and wait until the police officers testified to determine if they were telling the truth. Finally, Venireperson Hicks said that she would listen to the evidence and that it would not be easier for her to reject the appellant's testimony than the testimony of a police officer. We do not find that the trial court abused its discretion.

Appellant next contends that the trial court plainly erred in failing to grant a mistrial when the State, in closing argument, argued that, if the police had not detained appellant, then his identity would be unknown if something happened later that night or later at that address. We disagree.

We first note that appellant has seen fit to only provide this court with the State's closing argument and not appellant's closing argument. The portion of closing argument complained of here occurred during the rebuttal portion of the State's closing argument. It is clear from the State's comment that the State was referring back to certain comments made by appellant's attorney during the appellant's closing argument. Because the appellant has failed to provide this court with a full transcript, however, it is impossible for us to determine if the State's retaliation was proper. *State v. Blackburn*, 789 S.W.2d 126, 128 (Mo.App., E.D.1990).

We further note that, even had appellant provided us with a full transcript, no objection was lodged to the State's argument. Any review would, thus, be for plain error. The plain error rule should be used sparingly and does not justify review of every trial error that has not been properly preserved for review. *State v. McMillin*, 783 S.W.2d 82, 98 (Mo. banc 1990). This court expressly refuses to consider appellant's closing argument claims, which appellant waived by failing to properly preserve them for review, any further than this court already has.

The decision of the trial court is affirmed.

REINHARD, P.J., and CRANE, J., concur.