STATE of Missouri, Appellant,

v.

Timothy McCAIN, Respondent.

No. 60048.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 12, 1993.

Melinda Kay Pendergraph, Columbia, John A. Klosterman, St. Louis, for appellant.

William L. Webster, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appellant Timothy McCain, Defendant, appeals his jury conviction for one count of possession of heroin, for which he was sentenced as a prior offender to five years' imprisonment. Affirmed.

The sufficiency of the evidence is not at issue. The evidence adduced at trial, viewed in the light most favorable to the verdict, was as follows: In April 1990, a confidential informant contacted the St. Louis Police Department and reported that heroin was being sold at 4123 Evans Street. The police conducted a three-day surveillance of the residence and observed what appeared to be drug activity. They obtained a search warrant on April 12, 1990. On April 20, 1990, the police knocked on the door of the residence. When they received no answer, the officers used a battering ram to gain access to the residence.

The police found several individuals in the residence, including Defendant. When the officers entered the room in which Defendant was standing, Defendant threw a brown pill bottle under a chest of drawers. An officer seized the bottle, which contained two pink and blue capsules filled with a powder. Laboratory tests identified the powder as heroin. The police seized other items of narcotics paraphernalia from the room, including a triple beam scale, a blender, a sifter and dormin. Defendant did not present any evidence at trial.

In his first point on appeal, Defendant alleges the trial court erred when it rejected his claim under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), without requiring the prosecutor to state the reasons why he used his peremptory strikes to remove four African–Americans from the venire panel. Defendant argued that a *prima facie* case of discrimination existed based on the prosecutor's use of four peremptory strikes against blacks, the fact that Defendant was black, and Defendant's contention that the prosecutor did not strike similarly situated whites. Defendant did not state which white venirepersons were similarly situated to blacks who were struck.

The trial court found Defendant's objection to be without merit and ruled that a *prima facie* case of discrimination had not been made. The prosecutor, therefore, offered no explanation for his challenges to the black venirepersons.

This appeal is before us for the second time. Originally, the case was transferred to the Supreme Court of Missouri for consideration of the *Batson* issue. On July 23, 1992, the Supreme Court retransferred it to this Court for reconsideration in light of *State v. Parker*, 836 S.W.2d 930 (Mo. banc 1992) and *State v. Starks*, 820 S.W.2d 527 (Mo. banc 1992).

On July 31, 1992, we remanded the case to the trial court to reconsider Defendant's *Batson* motion in light of *Parker* and *Starks*. On October 13, 1992, the trial court reconsidered the case pursuant to the mandate of the Missouri Supreme Court. After asking the prosecutor his reasons for the challenged strikes, the trial court found no error under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The case was then resubmitted

pursuant to our order of July 31, 1992. No additional briefs have been filed.

After reviewing the record and the reasons the prosecutor offered on remand for the challenged strikes, we find against Defendant on his *Batson* challenge. The trial court's finding that the prosecutor did not use his peremptory strikes in a discriminatory manner was not clearly erroneous. *See State v. Twitty,* 793 S.W.2d 561, 564[4] (Mo.App.1990). An extended discussion of this point would have no precedential value. Point denied.

 Defendant's second point on appeal is that the trial court erred in permitting the prosecutor to argue an adverse inference concerning the failure of the other individuals who were arrested with Defendant to testify.

The trial court has broad discretion in controlling closing argument, and its ruling on argument of counsel will be reversed for an abuse of discretion only where the argument is plainly unwarranted. *State v. Perry,* 820 S.W.2d 570, 574[6, 7] (Mo.App. 1991). Defendant's counsel stated:

> This is one crime where it's a police officer's word. Nobody is going to come in and contradict them. Nobody else that was arrested in that house is going to come in because they're scared.... So that's why it's so easy for the cops to come in on these cases and tell their stories because they expect you to believe them.

The prosecutor responded by stating:

> And now the Defendant had his own buddies in the house.... Bobbie Swopes, Dennis Jordan, other people who were interested in the house could have come in and testified.... They could have testified. Where were they?

The prosecutor's comments were proper retaliation to Defendant's closing argument. A defendant cannot provoke a reply to his argument and then assert error. *State v. Childers,* 801 S.W.2d 442, 445[7, 8] (Mo. App.1990). Point denied.

 Defendant next submits that the prosecutor impermissibly attempted to commit the jury to a future course of action by inquiring whether the jurors anticipated more than just witness testimony. During voir dire, the prosecutor inquired whether the jurors would be able to make a decision on guilt or innocence based on testimonial evidence alone in the event that no physical evidence was presented. The trial court overruled defense counsel's objections.

Control of voir dire is vested in the discretion of the trial court. *State v. Tarkington,* 794 S.W.2d 297, 299[4] (Mo.App. 1990). The trial court is in the best position to determine the effect of exchanges with the jury panel during voir dire. *State v. Milner,* 795 S.W.2d 621, 624[7, 8] (Mo. App.1990). Furthermore, it is necessary for the prosecutor to establish exactly what the potential jurors associate with the prosecutor's burden of proof. *See Clemmons v. State,* 785 S.W.2d 524, 529[13] (Mo. banc 1990), *cert. denied,* 498 U.S. 882, 111 S.Ct. 229, 112 L.Ed.2d 183 (1990). Point denied.

 Finally, Defendant contends the trial court erred in submitting the reasonable doubt instruction, MAI–CR3d 302.04. He argues that the use in the instruction of the phrase "firmly convinced" of Defendant's guilt in defining "reasonable doubt" unconstitutionally lowered the State's burden of proof. Defendant submits the recent United States Supreme Court case of *Cage v. Louisiana,* 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990) mandates either reversal or transfer to the Missouri Supreme Court. Defendant's point has no merit. *Cage v. Louisiana* did not change Missouri law. *See State v. Antwine,* 743 S.W.2d 51, 62–63[12] (Mo. banc 1987), *cert. denied,* 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988); *State v. Tramble,* 813 S.W.2d 83, 85[5] (Mo.App.1991).

Judgment affirmed.

PUDLOWSKI, P.J., and STEPHAN, J., concur.